**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
District of Massachusetts
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

## Official Form 201

## Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's name**  Cosi, Inc.

**2. All other names debtor used in the last 8 years**  Cosi; Cosi Sandwich Bar; Xando; Xando Cosi

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  0 6 - 1 3 9 3 7 4 5

**4. Debtor's address**

Principal place of business

294 Washington Street, Suite 510
Number    Street

Boston        MA        02108
City          State      ZIP Code

SUFFOLK
County

Mailing address, if different from principal place of business

Number    Street

P.O. Box

City          State      ZIP Code

Location of principal assets, if different from principal place of business

Number    Street

City          State      ZIP Code

**5. Debtor's website (URL)**  www.getcosi.com

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor  **Cosi, Inc.**
      Name

Case number (if known) _____

| 7. Describe debtor's business | **A.** Check one: |
|---|---|
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |
| | |
| | **B.** Check all that apply: |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | |
| | **C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | <u>7</u>  <u>2</u>  <u>2</u>  <u>5</u> |

| 8. Under which chapter of the Bankruptcy Code is the debtor filing? | Check one: |
|---|---|
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| | ☒ Chapter 11. Check all that apply: |
| |     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that). |
| |     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| |     ☐ A plan is being filed with this petition. |
| |     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| |     ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| |     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

| 9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years? | ☒ No |
|---|---|
| If more than 2 cases, attach a separate list. | ☐ Yes. District _____ When _____ Case number _____ |
| |                        MM / DD / YYYY |
| |       District _____ When _____ Case number _____ |
| |                        MM / DD / YYYY |

| 10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? | ☐ No |
|---|---|
| List all cases. If more than 1, attach a separate list. | ☒ Yes. Debtor  <u>See Attachment I</u>  Relationship _____ |
| |       District _____ When _____ |
| |                                 MM / DD / YYYY |
| |       Case number, if known _____ |


Debtor **Cosi, Inc.** (Name)     Case number (if known) _____

**11. Why is the case filed in *this district*?**

Check all that apply:

- [x] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- [ ] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- [ ] No
- [x] Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (Check all that apply.)

- [ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- [ ] It needs to be physically secured or protected from the weather.
- [ ] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- [x] Other **The Debtors operate multiple fast-casual restaurant locations and require first-day relief.**

Where is the property? **Various restaurant locations.**
Number    Street

_____
City      State    ZIP Code

Is the property insured?
- [ ] No
- [x] Yes. Insurance agency **Hays Insurance Brokerage of New England, LLC**

Contact name   **Owen Callaghan, Executive Vice President**
Phone   **(617) 778-5013**

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:
- [x] Funds will be available for distribution to unsecured creditors.
- [ ] After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

- [ ] 1-49
- [ ] 50-99
- [ ] 100-199
- [ ] 200-999
- [x] 1,000-5,000
- [ ] 5,001-10,000
- [ ] 10,001-25,000
- [ ] 25,001-50,000
- [ ] 50,001-100,000
- [ ] More than 100,000

**15. Estimated assets ***

- [ ] $0-$50,000
- [ ] $50,001-$100,000
- [ ] $100,001-$500,000
- [ ] $500,001-$1 million
- [ ] $1,000,001-$10 million
- [x] $10,000,001-$50 million
- [ ] $50,000,001-$100 million
- [ ] $100,000,001-$500 million
- [ ] $500,000,001-$1 billion
- [ ] $1,000,000,001-$10 billion
- [ ] $10,000,000,001-$50 billion
- [ ] More than $50 billion

*aggregate assets of Debtor and affiliates.

Official Form B201     Voluntary Petition for Non-Individuals Filing for Bankruptcy     page 3

| Debtor | Cosi, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities** *

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

*aggregate liabilities of Debtor and affiliates.

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ■ I have been authorized to file this petition on behalf of the debtor.
- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 9/28/16
MM / DD / YYYY

X /s/ Patrick Bennett
Signature of authorized representative of debtor

Patrick Bennett
Printed name

Title **Interim Chief Executive Officer**

**18. Signature of attorney**

X /s/
Signature of attorney for debtor

Date 9/28/2016
MM / DD / YYYY

Joseph H. Baldiga
Printed name

Mirick, O'Connell, DeMallie & Lougee, LLP
Firm name

1800 West Park Drive, Suite 400
Number    Street

Westborough    MA    01581
City    State    ZIP Code

(508) 898-1501    jbaldiga@mirickoconnell.com
Contact phone    Email address

549963    MA
Bar number    State

## ATTACHMENT 1 TO VOLUNTARY PETITION

### Pending Bankruptcy Cases Filed by Affiliated Entities

On the date hereof, each of the related entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), will file or have filed a petition in this Court for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532. Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion requesting that the Court jointly administer their Chapter 11 cases.

**The Debtors are the following entities (along with the last four digits of their federal tax identification numbers):**

1. Cosi, Inc. (3745)

2. Xando Cosi of Maryland, Inc. (2196)

3. Cosi Sandwich Bar, Inc. (0910)

4. Hearthstone Associates, LLC (6267)

5. Hearthstone Partners, LLC (9433)

## COSI, INC. LEGAL ORGANIZATION CHART
### (as of 04/01/2016)

| Name | State of Incorporation | Date of Incorporation / Date became Cosi, Inc. Subsidiary | Ownership | Parent / Subsidiary |
|---|---|---|---|---|
| Cosi, Inc. | Delaware | May 15, 1998 | Public Company | Parent |
| **Wholly-Owned Subsidiaries of Cosi, Inc.** | | | | |
| Xando Cosi of Maryland, Inc.<br><br>Note: Entity is party to certain leases and/or holds certain liquor licenses<br>(Also Guarantor on Miller / Berger debt) | Maryland | April 11, 2002 | 100% by Cosi, Inc. | Subsidiary |
| Cosi Sandwich Bar, Inc.<br><br>Note: Entity is a party to certain leases<br>(Also Guarantor on Miller / Berger debt) | Delaware | June 30, 1998 | 100% by Cosi, Inc. | Subsidiary |
| Cosi MDS, Inc.<br><br>Note: Entity is inactive and being allowed to dissolve. | Delaware | March 29, 2004 | 100% by Cosi, Inc. | Subsidiary |
| Hearthstone Associates, LLC | Massachusetts | October 5, 2005 (became subsidiary of Cosi, Inc. upon Merger (1) | 100% by Cosi, Inc. | Subsidiary |
| **Indirect Subsidiaries of Cosi, Inc.** | | | | |
| Hearthstone Partners, LLC | Massachusetts | November 17, 2005 (became subsidiary of Cosi, Inc. upon Merger (2) | 100% by Hearthstone Associates, LLC | Indirect Subsidiary |

(1) Hearthstone Associates, LLC, became a wholly-owned subsidiary of the Company on April 1, 2015, pursuant to a merger with and into Cosi-Hearthstone Merger Sub, LLC, a wholly-owned subsidiary of the Company, whereby Hearthstone Associates, LLC, was the surviving entity ("Hearthstone Merger").

(2) Hearthstone Partners, LLC, is a wholly-owned subsidiary of Hearthstone Associates, LLC, and thus became an indirect subsidiary of the Company upon completion of the Hearthstone Merger on April 1, 2015.



[1] Cosi MDS, Inc. has no operations and will be dissolved under state law.

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **000-50052**.

2. The following financial data is the latest available information and refers to the debtor's condition on **6/27/2016**.

    a. Total assets                                   $           31,243,000.00

    b. Total debts (including debts listed in 2.c., below)   $    19,830,000.00

    c. Debt securities held by more than 500 holders

    |  |  |  |  | Approximate number of holders: |
    |---|---|---|---|---|
    | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | NONE |
    | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
    | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
    | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
    | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

    d. Number of shares of preferred stock                  NONE
    e. Number of shares common stock                        48,930,950

    Comments, if any: **Number of shares of common stock as of 9/9/2016**
    **Treasury Shares: 59,886 (as of 9/9/2016)**
    **Assets/Debts as of 6/27/2016 10-Q**

3. Brief description of debtor's business: **The Debtors operate fast-casual restaurant locations (approximately 74 locations prior to Petition Date).**

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**See attached list.**

### Exhibit "A" - Attachment to Voluntary Petition for Non-Individuals
### Filing for Bankruptcy under Chapter 11

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

**The following is based on a beneficial ownership search as of March 28, 2016, and a search of the SEC public filings since that date through September 20, 2016:**

| Holder | Number of Securities | Percentage |
| --- | --- | --- |
| RJ Dourney | 2,593,077 | Approximately 5.4% |
| Trishield Special Situations Master Fund Ltd. Trishield Capital Management LLC Alan Jeffrey Buick, Jr. Robert L. Harteveldt | 4,457,875 | Approximately 9.3% |

# COSI, INC.
## OFFICER'S CERTIFICATE

I, Patrick Bennett, a duly authorized officer of Cosi, Inc., a Delaware corporation (the "Company"), hereby certify that special meetings of the board of directors of the Company (the "Board") were duly called and held on September 16, 2016, September 23, 2016, and September 27, 2016, and at those meetings, the Board duly adopted the following resolutions:

WHEREAS, the Board has considered the financial and operational business of the Company and its direct and indirect subsidiaries, Xando Cosi of Maryland, Inc., Cosi Sandwich Bar, Inc., Hearthstone Associates, LLC and Hearthstone Partners, LLC (collectively, the "Subsidiaries," and each is a "Subsidiary"); and

WHEREAS, the Board has reviewed the current financial conditions and status of the Company and the Subsidiaries in light of recent events.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, the Subsidiaries, their respective creditors and respective members and other interested parties that a petition be filed by the Company and each of the Subsidiaries seeking relief under the provisions of Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), and the Board hereby consents to such filings;

RESOLVED, FURTHER, that Patrick Bennett, interim Chief Executive Officer and President of the Company, or any person who at any time is the Chief Executive Officer and/or President of the Company, or is duly appointed to act in one of those capacities (collectively, the "Officer"), be and hereby is authorized and directed, on behalf of and in the name of the Company, to execute a petition under Chapter 11 of the United States Code, and to cause the same to be filed with the United States Bankruptcy Court for the District of Massachusetts at such time as the above described Officer, who shall have executed a petition on behalf of the Company, shall determine;

RESOLVED, FURTHER, that the Officer be and hereby is authorized and empowered to obtain post-petition financing and/or use cash collateral according to terms which may be negotiated by the management of the Company and the Subsidiaries, and to enter into any debtor-in-possession financing facilities, guarantees, or other related documents and to pledge and grant liens on the assets of the Company and the Subsidiaries as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith, the Officer is hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements, and related ancillary documents, whether consented to or contested by the Company's existing lenders and/or the Subsidiaries' existing lenders;

RESOLVED, FURTHER, that the Officer be and hereby is authorized and empowered to execute that certain term sheet with, among others, AB Opportunity Fund LLC, AB Value Partners, L.P. and one or more entities affiliated MILFAM II L.P. regarding post-petition financing and the sale of substantially all of the assets of Company, enter into an asset purchase agreement constant with that Term Sheet, and in connection therewith, the Officer is hereby

authorized and directed to execute appropriate documents and ancillary documents to effectuate the proposed asset sale;

RESOLVED, FURTHER, that the Officer be and hereby is authorized to execute and file all schedules, lists and other papers and to take any and all action which the Officer deems necessary or proper in connection with the Chapter 11 proceedings of the Company and the Subsidiaries and in their respective names, and that the Company and the Subsidiaries retain the law firm of Mirick, O'Connell, DeMallie & Lougee, LLP and the turnaround firm of The O'Connor Group, Inc., and such other law firm or firms as the Officer may deem necessary, desirable or appropriate as the Company's and the Subsidiaries' counsel or financial advisors under general retainers, and agree to pay such firms compensation for services to be rendered by them and to reimburse such firms for their expenses in such amounts as may from time to time be authorized and allowed by the Bankruptcy Court;

RESOLVED, FURTHER, that the Officer be and hereby is authorized to employ any other professional necessary to assist the Company and the Subsidiaries in carrying out their respective duties under the Bankruptcy Code or otherwise, and, in connection therewith, the Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 case and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professional, as necessary, and on such terms as are deemed necessary, desirable and proper by the management of the Company and the Subsidiaries;

RESOLVED, FURTHER, that the Officer is hereby authorized to conduct business operations as determined by the Officer to be in the best interests of the bankruptcy estate of the Company or the applicable Subsidiary and the creditors of the Company or the applicable Subsidiary which may include, but not be limited to, a determination to continue business operations with a view towards reorganizing or selling the Company or any Subsidiary or substantially all of the assets of the Company or any Subsidiary;

RESOLVED, FURTHER, that, the Officer and any other authorized signatory designated by the Officer, is hereby authorized, empowered and directed on behalf of the Company and the Subsidiaries and in each of their names to take all actions and execute and deliver all documents, including any consents as shareholder or member of any of the Subsidiaries, as the Officer shall deem necessary or desirable in order to carry out and perform the purposes of the foregoing resolutions; and

RESOLVED, FURTHER, that any and all actions heretofore taken by the Officer in the name and on behalf of the Company or the applicable Subsidiary in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed and approved in all aspects.

RESOLVED, FURTHER, that the Officer be and hereby is authorized to retain Alliance For Financial Services, Inc. as Chief Restructuring Officer under a general retainer and agree to pay compensation for services to be rendered and to reimburse expenses as may be authorized by the Bankruptcy Court.

The undersigned further certifies that the resolutions set forth above have not been modified or rescinded in any respect and are still in full force and effect.

IN WITNESS WHEREOF, I have signed this Certificate as of September 28, 2016.

_____
Patrick Bennett, Interim CEO and President