# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# (EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>COSI, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br>Case No. 16-13704-MSH<br>(Jointly Administered) |

## ORDER (A) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE AND (B) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENTS

Cosi, Inc., on behalf of itself and affiliated debtors and debtors-in-possession (collectively, the "Debtors"), Debtors and Debtors-in-Possession in the above captioned proceeding, having moved the Court for the entry of an order (a) prohibiting certain Utility Companies[2] from altering, refusing to provide or discontinuing service to the Debtors and (b) deeming the Utility Companies adequately assured of future payment and adequately protected for the provision of post-petition services (the "Motion"); and the Court having held a hearing on the Motion; reasonable opportunity to object or be heard regarding the Motion and the relief requested in the Motion having been afforded to all interested parties; and sufficient cause appearing therefor;

---

[1] The Debtors in these Chapter 11 cases are Cosi, Inc. (Case No. 16-13704-MSH), Xando Cosi of Maryland, Inc. (Case No. 16-13706-MSH), Cosi Sandwich Bar, Inc. (Case No. 16-13705-MSH), Hearthstone Associates, LLC (Case No. 16-13707-MSH), and Hearthstone Partners, LLC (Case No. 16-13708-MSH). The Debtors' corporate offices are located at 294 Washington Street, Suite 510, Boston, Massachusetts 02108. The cases are jointly administered under the Cosi, Inc. case number.

[2] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

Client Matter/27288/2/A3497682.DOCX

**THE COURT FINDS AS FOLLOWS:**

A. This Court has jurisdiction to consider and determine the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. If one or more of the Utility Companies were to alter service to the Debtors, refuse service to the Debtors, or discontinue service to the Debtors, such action may interfere with and impair the Debtors' business operations.

C. In order to ensure continued service by the Utility Companies, the Debtors have determined to provide the Utility Companies with adequate protection for the provision of payment for post-petition services to the Debtors.

D. The relief requested in the Motion is in the best interests of the Debtors and their estates.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The relief requested in the Motion is hereby granted and approved in its entirety.

2. Any objections to the Motion not otherwise resolved are hereby overruled.

3. The Debtors are authorized and directed, as adequate assurance of payment for post-petition services by the Utility Companies to make the Prepayments to the Utility Companies as follows:

   a. The Debtors shall prepay one week in advance for Utility Services by making weekly payments equal to approximately one quarter of the month's anticipated invoice (the "Prepayment") from October 1, 2016 to the week ending November 28, 2016 (i.e., the anticipated date of closing of the sale of substantially all of the Debtors' assets). The amount of the monthly anticipated invoice for each of the Utility Companies are forth on **Exhibit A** to the Motion.

 b. Upon receipt, the Utility Company may apply the Prepayment to the estimated bill for that month, subject to a true-up as described below.

 c. Within 60 days after the closing of the sale of substantially all of the Debtors' assets, the Debtors shall conduct a "true-up" of their obligations to the Utility Companies on account of post-petition Utility Services. If the "true-up" shows that the Debtors owe a Utility Company for post-petition Utility Services notwithstanding the delivery of the Prepayment, the Debtors shall pay the difference. If the "true-up" shows that the Debtors have overpaid a Utility Company for post-petition Utility Services, the Utility Company shall promptly repay such overpayment.

 d. In the event the Debtors fail to make any required payment on or before the date required by this motion, a Utility Company may send a notice of non-payment, by email, to the Debtors at Cosi, Inc., 294 Washington Street, Suite 510, Boston, MA 02110, Attn. Tania DiSciullo, CPA Corporate Controller, email: Tania.DiSciullo@getcosi.com; and counsel to the Debtors, Mirick, O'Connell, DeMallie, and Lougee, LLP, 1800 West Park Drive, Suite 400, Westborough, MA 01581, Attn: Paul W. Carey, Esq., email: pcarey@mirickoconnell.com (the "Non-Payment Notice").

 e. The Debtors shall have five (5) days from receipt of a Non-Payment Notice to cure any payment default. If the Debtors fail to cure the payment default after notice from a Utility Company, the Utility Company may file a certification of default (the "Certification") with the Bankruptcy Court and serve the Certification on the Debtors, the Secured Lenders, JPM, and the official committee of unsecured creditors. If an objection to the Certification is not filed within three (3) days of the filing of the Certification, the Utility Company filing such Certification shall be entitled to (i) relief from the injunction imposed by Bankruptcy Code § 366(a) without further action by any party, and (ii) to move to terminate service in accordance with applicable non-bankruptcy law.

4. As long as the Debtors are not in default of their obligations under this Order, each of the Utility Companies is hereby deemed to consent to the Debtors' use of cash collateral pursuant to the Cash Collateral Order and any future use of cash collateral approved by the Court.

5. In consideration of the Prepayment, each of the Utility Companies is hereby deemed to be adequately assured of payment for post-petition services to the Debtors.

6. Accordingly, and subject to the terms of this Order, each of the Utility Companies is hereby prohibited from altering, refusing to provide or discontinuing service to the Debtors.

3

7. Commonwealth Edison Company, Baltimore Gas and Electric Company, Connecticut Light and Power Company, Consolidated Edison Company of New York, Inc., Jersey Central Power & Light Company, NStar Electric & Gas Corporation, PECO Energy Company and Yankee Gas Services Company (collectively, the "Objecting Utilities") timely filed an Objection (the "Objection") (Docket No. 191) to the Motion. The Debtors have entered into a settlement letter agreement dated October 19, 2016 (the "Agreement") with the Objecting Utilities concerning adequate assurance of future payment pursuant to Section 366 of the Bankruptcy Code that resolved the Objection. Accordingly, the Objecting Utilities shall be bound by the terms of such Agreement and are not subject to this Final Order.

8. The Court has and will retain jurisdiction to enforce this Order according to its terms.

Dated: October 24, 2016

_____
Honorable Melvin S. Hoffman
Chief United States Bankruptcy Judge

Client Matter/27288/2/A3497682.DOCX