UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>COSI, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 16-13704-MSH<br><br>(Jointly Administered) |

### ORDER APPROVING DEBTORS' MOTION TO (1) INCREASE AMOUNT OF BORROWING UNDER DIP LOANS AND (2) AMEND THE FINAL ORDER UNDER 11 U.S.C. §§ 105(a), 361, 362(c)(2), 363(e), AND 364 AND FED. R. BANKR. P. 2002, 4001, AND 9014 (I)(A) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, AND (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES

Upon consideration of the *Debtors' Motion to (1) Increase Amount of Borrowing Under DIP Loans and (2) Amend the Final Order Under 11 U.S.C. §§ 105(a), 361, 362(c)(2), 363(e), and 364 and Fed. R. Bankr. P. 2002, 4001, and 9014 (I)(A) Authorizing Debtors to Obtain Post-Petition Financing and (B) Utilize Cash Collateral, and (II) Granting Adequate Protection to Prepetition Secured Parties* (the "Motion"); the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue of these Chapter 11 Cases[2] in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) notice of the

---

[1] The Debtors in these Chapter 11 cases are Cosi, Inc. (Case No. 16-13704-MSH), Xando Cosi of Maryland, Inc. (Case No. 16-13706-MSH), Cosi Sandwich Bar, Inc. (Case No. 16-13705-MSH), Hearthstone Associates, LLC (Case No. 16-13707-MSH), and Hearthstone Partners, LLC (Case No. 16-13708-MSH). The Debtors' corporate offices are located at 294 Washington Street, Suite 510, Boston, Massachusetts 02108. The cases are jointly administered under the Cosi, Inc. case number.

[2] Capitalized terms utilized but not otherwise defined herein shall retain the meanings ascribed to them in the Motion.

Motion was sufficient under the circumstances; the Court determining that the legal and factual bases set forth in the Motion establish just cause for the relief granted by this Amendment to Final DIP Order; and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors, and other parties in interest.

NOW, IT IS HEREBY ORDERED, THAT:

1. The Motion is GRANTED in its entirety.

2. This Court's *Final Order Under 11 U.S.C. §§ 105(a), 361, 362(c)(2), 363(e) and 364 and Fed. R. Bankr. P. 2002, 4001, and 9014 (I)(A) Authorizing Debtors to Obtain Post-Petition Financing and (B) Utilize Cash Collateral, and (II) Granting Adequate Protection to Prepetition Secured Parties* [Docket No. 586] (the "Final DIP Order") is hereby amended as set expressly forth herein.

3. The Final DIP Order shall be and hereby is revised as set forth herein, with the specified paragraphs set forth below being replaced with language allowing for an increased borrowing under the DIP Loans as requested in the Motion.

   a. Paragraph 3 at page 16 of the Final DIP Order shall be replaced in its entirety with the following language:

   > 3. Borrowing. The Debtors are hereby authorized to immediately obtain the DIP Loans, pursuant to the terms of this Final Order and subject to the terms of the DIP Loan Documents, in aggregate principal amount of the sum of (i) on or prior to the Effective Date of the Interim Operating Agreement ("Transition Date") up to $4,100,000 (including all borrowings following the Petition Date) solely for uses and time periods specified and permitted under the Budget (as defined below) and (ii) following the Transition Date up to $3,500,000 in additional borrowings for the uses permitted and contemplated by the Interim Operating Agreement.[3]

---

[3] The only alteration to this paragraph 3 in the Final DIP Order is a change from the "$2,500,000" borrowing amount following the Transition Date currently contained in the Final DIP Order to "$3,500,000".

b.  Paragraph 6 at page 18 of the Final DIP Order shall be replaced in its entirety with the following language:

> 6. <u>Amendments, Consents, Waivers, and Modifications.</u> The Debtors are hereby authorized to execute, deliver, and perform one or more amendments to the DIP Loan Documents, in each case with the express written consent of the DIP Lenders, it being understood that no prior approval of the Court shall be required for amendments to the DIP Loan Documents that do not (i) change the maturity of the extensions of credit thereunder past 90 days after the initial Final Maturity Date of March 31, 2017 or (ii) increase the principal amount above $7,500,000; *provided that* the DIP Lenders shall be entitled to request approval of the Court with respect to any amendment.[4]

4. Each of the remaining terms and provisions of the Final DIP Order are not and shall not be construed to be modified or amended in any way by this Amendment to Final DIP Order.

5. This Amendment to Final DIP Order shall take effect immediately upon execution hereof, notwithstanding the possible application of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, and the Clerk of the Court is hereby directed to enter this Amendment to Final DIP Order on the Court's docket in these Chapter 11 Cases.

Dated: *March 21*, 2017

_____
Honorable Melvin S. Hoffman
Chief United States Bankruptcy Judge

---

[4] The only alteration to this paragraph 6 in the Final DIP Order is a change from the "[$6,500,000]" total principal borrowing amount currently contained in the Final DIP Order to "$7,500,000".