**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| In RE: | : | |
| | : | Chapter 11 |
| | : | |
| | : | CASE NO.:  16-13704-MSH |
| COSI, INC, et al., | : | Through 16-13708 |
| | : | |
| Reorganized Debtors.[1] | : | (Jointly Administered) |
| _____ | : | |

**ROBERT J. DOURNEY'S MEMORANDUM ON THE COURT'S JURISDICTION TO**
**HEAR AND DETERMINE HIS ADMINISTRATIVE EXPENSE CLAIM**

To the Honorable Melvin S. Hoffman, Chief United States Bankruptcy Judge:

Pursuant to the Court's Briefing Order (ECF No. 1132), Robert J. Dourney ("Mr.

Dourney") hereby submits this memorandum on the issue of whether the Court has jurisdiction

to hear and determine his administrative expense claim.

**Procedural Background**

1.      On September 28, 2016 (the "Petition Date"), Cosi, Inc. (the "Debtor") and

certain affiliated debtors filed petitions under chapter 11 of the Bankruptcy Code (ECF 1).

2.      Subsequently, the Debtor and LIMAB, LLC ("LIMAB") entered into an Interim

Operating Agreement on December 21, 2016 (ECF 609).

3.      On April 25, 2017, the Court entered an Order (ECF 905) confirming the *First*

*Amended Joint Plan of Reorganization of Cosi, Inc., Xando Cosi of Maryland, Inc., Cosi*

_____

[1] The Debtors in these chapter 11 cases are Cosi, Inc. (16-13704-MSH), Xando Cosi of Maryland, Inc.
(Case No. 16-13706-MSH), Cosi Sandwich Bar, Inc. (Case No. 16-13705-MSH), Hearthstone Associates,
LLC (Case No. 16-13707-MSH), and Hearthstone Partners, LLC (16-13708-MSH).  The Debtors'
corporate offices are located at 294 Washington Street, Suite 510, Boston, Massachusetts 02108.  The
cases are jointly administered under the Cosi, Inc. case number.

*Sandwich Bar, Inc., Hearthstone Associates, LLC, and Hearthstone Partners, LLC* (the "Plan")

(ECF 793).

4.      On May 15, 2017, the Reorganized Debtor filed a *Notice of (A) Entry of Order Confirming Debtors' First Amended Joint Plan of Reorganization, (B) Effective Date Thereof, and (C) Certain Deadlines* ("Confirmation Notice") (ECF No. 970).  In the Confirmation Notice, the Debtor stated that the "Effective Date" of the Plan occurred on May 10, 2017 and notified interested parties that the deadline to file requests for payment of administrative expense claims was June 9, 2017.

5.      On June 9, 2017, Mr. Dourney timely filed the *Request of Robert J. Dourney for Allowance and Payment of Administrative Expense Claim* ("Administrative Claim Request") (ECF 1018), pursuant to which he sought allowance and payment, under 11 U.S.C. § 503(b)(1), of an administrative expense claim in the amount of not less than $261,613.56.[2]

6.      On June 26, 2017, Craig A. Jalbert, the liquidating trustee (the "Liquidating Trustee") of the liquidating trust established under the Plan ("Liquidating Trust"), filed an Objection to various requests for administrative expense claims, including Mr. Dourney's Administrative Claim Request ("Trustee Objection") (ECF No. 1059).  In the Trustee Objection, the Liquidating Trustee indicated that, to the extent Mr. Dourney's Administrative Claim Request and other requests for administrative expense claims were allowed, LIMAB should be responsible for indemnifying the Debtor's estate and satisfying such claims. See Trustee Objection, paragraphs 6 - 12

---

[2] This amount represents the pro-rated amount of the total post-petition amount of $383,077 owed by the Debtor to Mr. Dourney (calculated from the Petition Date through the "Effective Date" of the Debtor's Plan).  If the Debtor or any other party disputes the pro-rated $261,613.56 amount claimed by Mr. Dourney, Mr. Dourney has reserved the right to assert a higher amount and to produce additional evidence regarding the substantial benefit he provided to the Debtor's estate.

2

7.      On June 30, 2017, the Reorganized Debtor filed an Objection to Mr. Dourney's

Administrative Claim Request (ECF 1062).

8.      The Court held a hearing on Mr. Dourney's Administrative Claim Request on

August 29, 2017 and took the matter under advisement (ECF 1118).

9.      The Court then entered an Order on February 15, 2018 directing Mr. Dourney and

the Reorganized Debtor to file memoranda on or before March 7, 2018 addressing whether the

Court has jurisdiction to hear and determine Mr. Dourney's Administrative Claim Request, and

how a ruling on the Administrative Claim Request will affect the Debtor, the bankruptcy estates

or the assets of the estates available for distribution by the Liquidating Trustee (ECF No. 1132).

### Argument

10.      When addressing the scope of this Court's subject matter jurisdiction, the First

Circuit has stated:

> The general grant of bankruptcy jurisdiction is found in 28 U.S.C. § 1334, which establishes two main categories of bankruptcy matters over which the district courts have jurisdiction: "cases under title 11," 28 U.S.C. § 1334(a), and "proceedings arising under title 11, or arising in or related to cases under title 11," 28 U.S.C. § 1334(b). *See also Middlesex Power Equip. & Marine, Inc. v. Town of Tyngsborough, Mass. (In re Middlesex Power Equip. & Marine, Inc.)*, 292 F.3d 61, 66 (1st Cir. 2002). "[C]ases under title 11" refers only to the bankruptcy petition itself, and it is the umbrella under which all of the proceedings that follow the filing of a bankruptcy petition take place. *Id.* In turn, 28 U.S.C. § 157 permits the district courts to refer to bankruptcy courts all "proceedings arising under title 11 or arising in or related to cases under title 11." This broad jurisdictional grant allows the bankruptcy courts to "deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex*, 514 U.S. at 308, 115 S.Ct. 1493 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)) . . .
>
> The "arising under" language of § 1334(b) is "analogous to the 'arising under' language in 28 U.S.C. § 1331." *In re Middlesex Power Equip. & Marine, Inc.*, 292 F.3d at 68 (comparing "arising under" jurisdiction to federal question jurisdiction). In other words, proceedings "aris[e] under title 11" when the Bankruptcy Code itself creates the cause of action. *See Stoe v. Flaherty*, 436 F.3d 209, 217 (3d Cir. 2006) (noting that "arising under" jurisdiction is limited to

3

proceedings where "the Bankruptcy Code creates the cause of action or provides the substantive right invoked"); *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir. 1987) ("Congress used the phrase 'arising under title 11' to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11.").

*Gupta v. Quincy Med. Ctr.*, 858 F.3d 657, 661-662 (1st Cir. 2017) (footnotes omitted).

11.     Mr. Dourney contends that there is no question that Mr. Dourney's Administrative Claim Request against the Debtor's estate "arises under title 11."  Mr. Dourney's asserted administrative claim derives solely from 11 U.S.C. § 503(b)(1), which is a claim or right created exclusively by the Bankruptcy Code.  Since the Bankruptcy Code creates Mr. Dourney's claim or right, it is a proceeding "arising under title 11," and therefore plainly within the scope of this Court's jurisdiction.  *See Wood*, 825 F.2d at 97 (arising under proceedings are matters invoking a substantive right created by the Bankruptcy Code); *In re Whiz Kids Dev.*, 576 B.R. 731, 752 (Bankr. D. Mass. 2017) (proceedings arise under title 11 when the Bankruptcy Code creates the cause of action).  Furthermore, the Administrative Claim Request is asserted by Mr. Dourney against the Debtor's estate, not against LIMAB.  Whatever indemnification or other rights the Debtor's estate or the Liquidating Trustee may have against LIMAB pursuant to the Interim Operating Agreement or the Plan would presumably be determined or reconciled after Mr. Dourney's Administrative Claim Request was allowed.  In any event, this Court's determination of the Administrative Claim Request will have an impact on the administration of the Debtor's bankruptcy case and the Liquidating Trust over which this Court has jurisdiction.

12.     To the extent Mr. Dourney's Administrative Claim Request is allowed by this Court, Article III of the Plan provides that it shall be payable by either the Debtor or the Liquidating Trust (as applicable pursuant to Article VIIL.5 of the Plan) no later than ten (10)

calendar days after the entry of a Final Order allowing the Administrative Claim Request.  See

Plan, Article IIIA, p. 17.  Article VIIL.5 of the Plan further provides for a reconciliation by the

Debtors, the Reorganized Debtors and the Liquidating Trustee as to how allowed administrative

expense claims shall be paid under the terms of the Interim Operating Agreement and the Plan.

See Plan, Article VIIL.5, p. 35.  Mr. Dourney is not privy to any such reconciliation that may

have been done or that is contemplated among the Reorganized Debtors, the Debtors and the

Liquidating Trustee.  He is therefore not in a position to articulate exactly how allowance of his

Administrative Claim Request  will affect the Debtor, the bankruptcy estates or the assets of the

estates available for distribution by the Liquidating Trustee other than to state that, in the first

instance, his Administrative Claim Request should be allowed against the Debtor's estate, with

the Liquidating Trustee and the Reorganized Debtors to then resolve (or have this Court

resolve) who is ultimately responsible for payment or reimbursement of such claim.


Respectfully submitted,

ROBERT J. DOURNEY

Dated: March 7, 2018                    By His Attorneys,


/s/ William R. Moorman Jr.
William R. Moorman Jr.  (BBO No. 548593)
PARTRIDGE SNOW & HAHN LLP
30 Federal Street
Boston, MA  02110
(617) 292-7900
(617) 292-7910 (FAX)
wmoorman@psh.com

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of March, 2018, the foregoing document has been filed electronically via CM/ECF and will be sent electronically to the counsel who are registered participants identified on the Notice of Electronic Filing.

/s/ William R. Moorman Jr.
William R. Moorman Jr.

\\psh.int\dfs\UserRedirect\wrm\Documents\COSI\Dourney
Admin\3262843_1.doc