UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re<br><br>COSI, INC., ET AL.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-13704-MSH<br><br>(Jointly Administered) |

## MOTION BY FOR ENTRY OF FINAL DECREE

Craig Jalbert (the "Liquidating Trustee"), in his capacity as Liquidating Trustee under the confirmed plan of liquidation in the above cases, moves pursuant to Federal Rule of Bankruptcy Procedure 3022 and MLBR 3022-1 for the entry of a final decree. All of the matters requiring administration in the Debtors' cases (the "Cases") have been resolved. The Plan (as defined below) has been substantially consummated. Accordingly, the entry of a final decree is appropriate. In support of this motion, the Liquidating Trustee avers as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

3. On September 28, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under Chapter 11 of the United States Bankruptcy Code, 11

---

[1] The Debtors in these Chapter 11 cases are Cosi, Inc. (Case No. 16-13704-MSH), Xando Cosi of Maryland, Inc. (Case No. 16-13706-MSH), Cosi Sandwich Bar, Inc. (Case No. 16-13705-MSH), Hearthstone Associates, LLC (Case No. 16-13707-MSH), and Hearthstone Partners, LLC (Case No. 16-13708-MSH). The cases are jointly administered under the Cosi, Inc. case number.

1

4830-1685-6456.2

U.S.C. §§ 101-1532 (the "Bankruptcy Code"), thereby commencing the above captioned bankruptcy cases (the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of Massachusetts.

4. Prior to confirmation of the Plan (as defined below) the Debtors continued to operate their business and manage their assets as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

5. No trustee or examiner was requested or appointed in these Chapter 11 Cases. On October 6, 2016, the Office of the United States Trustee filed the Appointment of the Official Committee of Unsecured Creditors and appointed an unsecured creditors' committee (the "Committee")

6. On April 25, 2017, the Court entered an Order (the "Confirmation Order") Confirming the Debtors' First Amended Plan of Reorganization (the "Plan") [Docket No. 905].[2]

7. The Plan went effective on May 11, 2017 (the "Effective Date").

8. The Plan provided for the appointment of a "Liquidating Trustee" providing the Liquidating Trustee with authority to make distributions under the Plan to the holders of Allowed Claims (as defined in the Plan) against the Debtors. The Plan authorizes the Liquidating Trustee to request the entry of a final decree. The Plan appointed Craig Jalbert as the Liquidating Trustee (the "Liquidating Trustee").

9. On the Effective Date, the Liquidating Trustee was charged to, among other things, evaluate and prosecute objections to disputed General Unsecured Claims. *See* Plan, Articles VII.O(6) and VIII.A

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

2

4830-1685-6456.2

10. All allowed administrative expense claims and allowed priority tax claims were paid in full. Attached as Exhibit A is a chart of the holders of administrative expense claims and the amounts paid (and to be paid) to each under the Plan since the Effective Date by the Liquidating Trustee.

11. Attached as Exhibit B is a chart of the distributions to be made to the holders of allowed non-priority unsecured claims pursuant to the terms of the Plan (the "Final Distribution").

12. Except as noted on Exhibit A and Exhibit B, there are no additional distributions to be made under the Plan.

13. Attached as Exhibit C is a list of non-priority unsecured claims that will not receive a distribution because they did not provide their taxpayer identification number, despite multiple requests to do so, to the Liquidating Trustee.[3]

14. Attached as Exhibit D is a summary of Estate Assets and Intended Distributions. The intended distributions to particular creditors, shown on Exhibit B, will be reduced in the event the Liquidating Trustee receives completed Form W-9's from any holder of allowed non-priority unsecured claims on Exhibit C prior to the final distribution being made.

15. Upon allowance of this Motion, the Liquidating Trustee shall make final quarterly payments to the Office of the United States Trustee on account of quarterly fees owed pursuant to 28 U.S.C. Section 1930(a).

16. In addition, subsequent to making the Final Distribution to allowed claimants, the Liquidating Trustee anticipates that a percentage of checks will either be returned as undeliverable or will otherwise not be negotiated (the "Unclaimed Funds"). The Liquidating

---

[3] Section 6.6 of the Liquidating Trust Agreement provides that creditors are required to provide their taxpayer identification number upon request as a condition to receive a distribution under the Plan.

3

4830-1685-6456.2

Trustee requests that the final decree authorize the Liquidating Trustee, without further order of the Court, to: (x) make a distribution subsequent to the Final Distribution if the aggregate total amount of Unclaimed Funds, after consideration of the expense of distribution, equals or exceeds $45,000.00; or (y) deliver the amount of such unclaimed Funds to a recognized 501(c)(3) charity as the Liquidating Trustee reasonably may choose if, after consideration of the expense of making a Distribution, such aggregate total amount of Unclaimed Funds does not equal or exceed $45,000.00.

## CASE CLOSURE

17. The Plan has been substantially consummated in accordance with Section 1101(2) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 3022, the Confirmation Order and the Plan. This case has been fully administered, and there is no further need for this case to be open.

18. The verification required by MLBR 3022-1(c) is below.

## NOTICE

19. This motion has been served on (a) all creditors holding Allowed Claims, (b) the Office of the United States Trustee, (c) counsel to the Debtor (d) the United States Attorney for the District of Massachusetts, (e) all creditors listed on Exhibit C, and (f) all parties who have filed a notice of appearance in the Case. This service complies with the applicable rules of procedure and the Liquidating Trustee requests that the Court approve such notice.

**WHEREFORE**, the Liquidating Trustee requests that the Court: (a) enter a final decree substantially in the form of the order attached as Exhibit E; and (b) grant to the Liquidating Trustee such other and further relief as the Court deems proper and just.

4

4830-1685-6456.2

                    Craig Jalbert, in his capacity as Liquidating Trustee, and not individually,
By its counsel,

*/s/ Lee Harrington*
Lee Harrington (BBO #643932)
Nixon Peabody LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel: (617) 345-1000
Fax: (617) 345-1300
Email: LHarrington@nixonpeabody.com

Date: February 12, 2019

4830-1685-6456.2

## VERIFICATION PURSUANT TO MLBR 3022-1(c)

Pursuant to 28 U.S.C. § 1746, I, Craig Jalbert, verify that I am the Liquidating Trustee under the Plan, that I have personal knowledge as to the validity of the factual statements set forth above, and that such statements are accurate to the best of my knowledge and belief.

Signed under the penalties of perjury this 12th day of February, 2019.

/s/ *Craig Jalbert*
Craig Jalbert, Liquidating Trustee

4830-1685-6456.2